IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN TILLMAN,

    Plaintiff,

vs.                                    Civil Action 2:09-CV-904
                                        Judge Watson
                                        Magistrate Judge King

CYNTHIA MAUSSER, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, brings this civil rights action under 42 U.S.C. §1983 complaining of the circumstances that gave rise to the revocation of his parole. This matter is now before the Court on the motions to dismiss filed by defendant Hugh Quill, Director of the Ohio Department of Administrative Services, Doc. No. 10, and the motion to dismiss filed by defendant Volunteers of America of Greater Ohio, Inc., and Lorene Rhodes [hereinafter "VOA defendants"], Doc. No. 11.

On a motion to dismiss under the provisions of F.R. Civ. P. 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007). Under general pleading standards, the facts alleged in the complaint need not be detailed, although "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964-65 (alteration

in original.)

Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, *Roth Steel Products,* 705 F.2d at 155, the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *Scheuer v. Rhodes,* 416 U.S. at 236. A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *Roth Steel,* 705 F.2d at 155. The court will grant a motion to dismiss under Rule 12(b)(6) if the complaint is without merit because of the absence of either facts or law to support a claim of the type made or if, on the face of the complaint, there appears an insurmountable bar to relief. *See generally Rauch v. Day & Night Manufacturing Corp.,* 576 F.2d 697, 702 (6th Cir. 1978).

To state a claim under 42 U.S.C. §1983 a plaintiff must allege a violation of rights secured by the United States Constitution or the laws of the United States and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Street v. Corr Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996). Because §1983 is a method of vindicating federal rights, not itself a source of substantive rights, the first step in an action under §1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

The complaint alleges that, in January 2007, plaintiff was granted parole and was released to the VOA defendants. *Complaint,* p.3, Doc. No. 4. Plaintiff expressly alleges that he suffers from a "mental disorder[]," *id.,* as a consequence of which, he reported to defendant

2

Rhodes that he "was hearing voices telling him to kill himself and someone." *Id.,* p.4. As a result, plaintiff was returned to prison and his parole was revoked. *Id.* At a revocation hearing, defendant Rhodes conceded that she may "have misunderstood the plaintiff['s] statements because the plaintiff made no attempt to harm" her. *Id.*

Defendant Quill has filed a motion to dismiss, Doc. No. 10, arguing that the complaint wholly fails to state a claim against him upon which relief can be granted. Plaintiff has made no response to this motion.[1] This Court agrees that the complaint fails to state a claim upon which relief can be granted against the Director of the Ohio Department of Administrative Services. It is therefore **RECOMMENDED** that this motion, Doc. No. 10, be **GRANTED.**

The VOA defendants move to dismiss the action as untimely filed. Claims under §1983 must be asserted, in Ohio, within two years after the cause of action arose. *Bank v. City of Whitehall*, 344 F.3d 550, 551 (6th Cir. 2003)(citing *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989)*(en banc)*).

The events giving rise to this case are alleged to have occurred in January 2007. Plaintiff submitted his complaint for filing on October 13, 2009; his application for leave to proceed *in forma pauperis* was signed by him on October 1, 2009. *Motion for Leave to Proceed In Forma Pauperis,* p.5, Doc. No. 1.

However, plaintiff invokes O.R.C. §2305.16, which provides

---

[1] It is significant that plaintiff filed responses to the answer filed by certain defendants, Doc. No. 12, and a response to the motion to dismiss filed by the VOA defendants, Doc. No. 13.

3

that if, at the time the cause of action accrues, the person entitled to assert the cause of action is "of unsound mind," the time for filing the action is tolled until the disability is removed. The complaint alleges that, at the time the claim arose, plaintiff "suffer[ed] from a mental disorder[]." *Complaint,* p.3. Under Ohio law, a plaintiff who invokes this provision of O.R.C. §2305.16 "does not have to show either adjudication or confinement." *Howard v. Ohio Dept. of Rehabilitation and Correction*, 1993 WL 186652, *3 (10th Dist. Ct. App., May 25, 1993)(overruling the grant of a motion for judgment on the pleadings).

This Court concludes that the complaint has alleged that plaintiff suffered from a mental disorder at the time the cause of action occurred sufficient to overcome a motion to dismiss for failure to state a claim under F.R. Civ. P. 12(b)(6).[2]

It is therefore **RECOMMENDED** that the motion to dismiss filed by defendant Quill, Doc. No. 10, be **GRANTED** and that the motion to dismiss filed by defendants Volunteers of America of Greater Ohio, Inc. and Rhodes, Doc. No. 11, be **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be

---

[2] In so concluding, the Court expresses no opinion as to whether or not the allegations contained in the complaint are sufficient to withstand a motion for summary judgment raising the same defense of untimeliness. *See Fisher v. Ohio University,* 63 Ohio St.3d 484 (1992), syllabus 1.

filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

February 9, 2010                    s/Norah McCann King
                                    Norah McCann King
                                    United States Magistrate Judge