## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Kevin Tillman,

        Plaintiff,

    v.                                      Case No. 2:09–cv–904

Cynthia Mausser, *et al.*,                  Judge Michael H. Watson
                                         Magistrate Judge King

        Defendants.

## OPINION AND ORDER

Plaintiff, a state prisoner, brings this civil rights action under 42 U.S.C. §1983 in connection with the revocation of his parole.  The complaint specifically alleges that, in January 2007, plaintiff was granted parole with release to the Volunteers of America of Greater Ohio, Inc. ["VOA"].  *Complaint,* p.3, Doc. No. 4.  Plaintiff's parole was revoked, however, after he advised a VOA employee, Lorene Rhodes, that he "was hearing voices telling him to kill himself and someone." *Id.,* p.4.  The complaint names as defendants VOA and Rhodes, as well as state employees, including Hugh Quill, the Director of the Ohio Department of Administrative Services. *Id.*  Motions to dismiss were filed on behalf of defendant Quill and the VOA defendants.  Doc. Nos. 10, 11.  In a *Report and Recommendation* issued on February 9, 2010, the Magistrate Judge recommended that the motion to dismiss filed on behalf of defendant Quill be granted as unopposed, but that the motion to dismiss filed on behalf of the VOA defendants be denied.  *Report and*

*Recommendation,* Doc. No. 15.

Thereafter, plaintiff objected to the recommended grant of defendant Quill's motion to dismiss, asserting that he had never received a copy of defendant Quill's motion. *Objection*, Doc. No. 17.  Accordingly, plaintiff was granted an opportunity to make substantive response to that motion, *Order,* Doc. No. 19, which plaintiff has now made. Doc. No. 23.  The VOA defendants also objected to the *Report and Recommendation, Objection,* Doc. No. 20.

The Court will now consider the objections to the *Report and Recommendation* filed on behalf of the VOA defendants as well as plaintiff's substantive response to defendant Quill's motion to dismiss.

## Defendant Quill's Motion to Dismiss

The *Complaint,* Doc. No. 4, makes no substantive allegation as to defendant Quill, who is identified as the Director of Administrative Services for the State of Ohio.  However, plaintiff asserts in his substantive response to the motion to dismiss, Doc. No. 23, that, as Director of the Ohio Department of Administrative Services, defendant Quill is responsible for any alleged misconduct of the other state employees named as defendant in the complaint, including the former Director of the Department of Rehabilitation and Correction. Plaintiff asserts that defendant Quill "appointed defendant Collins to oversee his administrative office (DRC)."  Doc. No. 23, p. 2.  Plaintiff is in error.  The Director of the Ohio Department of Rehabilitation and Correction is appointed, not by the Director of the Ohio Department of Administrative Services, but by the Governor of the State of Ohio. *See* O.R.C. §121.03(Q).  The record in this action offers no basis, either factual or legal, for

holding defendant Quill responsible for any aspect of the revocation of plaintiff's parole. Accordingly, the motion to dismiss filed on behalf of defendant Quill is meritorious. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 547 (2007).

## VOA Defendants' Motion to Dismiss

The VOA defendants move to dismiss the claims asserted against them on the basis of untimeliness. In Ohio, claims under 42 U.S.C. §1983 must ordinarily be asserted within two years after the cause of action arose. *See Bank v. City of Whitehall,* 344 F.2d 550, 551 (6th Cir. 2003). There is no dispute that the action was filed more than two years after the revocation hearing about which plaintiff complains. In recommending that the VOA defendants' motion to dismiss be denied, the Magistrate Judge reasoned that, under Ohio law, O.R.C. §2305.16, the statute of limitations has been tolled. The VOA defendants object to that conclusion, arguing that plaintiff cannot claim the protections of this statute without evidence of a mental impairment that renders him of unsound mind. *Objections,* pp. 2-3, Doc. No. 20.

Ohio Revised Code § 2305.16 authorizes the tolling of a statute of limitations where the claimant is of "unsound mind." Paragraph 1 of the statute addresses the situation where the impairment exists "at the time the cause of action accrues. ..." O.R.C. §2305.16. Under that circumstance, the action is tolled until such time as "the disability is removed." *Id.* Paragraph 2 of the statute addresses the situation where the impediment occurs "[a]fter the cause of action accrues. ..." Under that circumstance, the statute of limitations is tolled if the plaintiff "is adjudicated [of unsound mind] by a court of competent jurisdiction or is confined in an institution or hospital under a diagnosed condition or disease which renders

the person of unsound mind. ..." *Id.*

The VOA defendants insist that it is Paragraph 2 of the statute that applies to this case and that, in accordance with *Fisher v. Ohio University*, 63 Ohio St.3d 484, 487 (1992), plaintiff must present evidence of his mental impairment. However, the complaint, read fairly, alleges that he was suffering from a "mental disorder" at the time his claim arose. *Complaint,* p.3. Thus, it is Paragraph 1 of §2305.16 that applies to the facts of this case. As the Magistrate Judge noted, a plaintiff who invokes this paragraph of §2305.16 "does not have to show either adjudication or confinement." *See Howard v. Ohio Dept. of Rehabilitation and Correction,* 1993 WL 186552*3 (10th Dist. Ct. App., May 25, 1993) (overruling the grant of a motion for judgment on the pleadings). Because a court pursuant to a motion made under Fed. R. Civ. P. 12(b)(6) considers if a complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the Court concludes that plaintiff has alleged facts, such as his mental disorder causing him to hear voices telling him to kill himself, sufficient to survive the VOA's motion to dismiss on the basis of untimeliness. Whether plaintiff can establish his claim, or his entitlement to a tolling of the statute of limitations, remains for resolution.

Accordingly, the motion to dismiss filed on behalf of defendant Hugh Quill, Doc. No. 10, is **GRANTED.** The claims against this defendant are **DISMISSED.** The objections to the *Report and Recommendation* filed by the VOA defendants, Doc. No. 20, are **DENIED.** As it relates to the motion to dismiss filed on behalf of the VOA defendants, the *Report and Recommendation* is hereby **ADOPTED** and **AFFIRMED.** The motion to dismiss filed on

behalf of the VOA defendants, Doc. No. 11, is **DENIED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**