

FILED
JAMES BONINI
CLERK

2011 MAY 27 AM 10: 18

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Kevin Tillman,

        Plaintiff,

    v.                               **Case No. 2:09–cv–904**

Cynthia Mausser, *et al.*,             **Judge Michael H. Watson**
                                       **Magistrate Judge King**

        **Defendants.**

## OPINION AND ORDER

Plaintiff, a state prisoner, brings this civil rights action under 42 U.S.C. § 1983, alleging violations of his due process rights in connection with the revocation of his parole. On March 3, 2011, the United States Magistrate Judge issued an *Order and Report and Recommendation* denying plaintiff's request under Fed. R. Civ. P. 56(d) to conduct additional discovery and recommending that the motion for summary judgment of defendants Volunteers of America and Lorene Rhodes (collectively, the "VOA defendants") be granted. ECF No. 59. This matter is now before the Court on plaintiff's objections to that *Order and Report and Recommendation*, ECF No. 63, which the Court will consider *de novo*. 28 U.S.C. § 636(b).

The Court will briefly summarize the undisputed facts from the *Order and Report and Recommendation*. Defendant Volunteers of America ("VOA") is a non-profit organization, which operates a corrections program that houses released and paroled

criminal offenders.  On or about January 12, 2007, plaintiff was granted parole and was released to VOA.  On or about January 24, 2007, while at the VOA, plaintiff met with defendant Lorene Rhodes, a VOA employee.  During that meeting, plaintiff advised defendant Rhodes that plaintiff "was not doing well [and that] the plaintiff was hearing voices telling him to kill himself and someone because his medication was nolonger [sic] working." *Personal Affidavit of Kevin Tillman*, ¶ 2, ECF No. 55.  Defendant Rhodes reported plaintiff's statements to her direct supervisor at VOA, who in turn reported the incident to plaintiff's parole officer.  In opposing the VOA defendants' motion for summary judgment, plaintiff requested additional time to conduct discovery in order to respond to the motion for summary judgment.

Plaintiff now objects to the United States Magistrate Judge's denial of his Fed. R. Civ. P. 56(d) request to conduct additional discovery.  Plaintiff's objection, which essentially argues that the parties have been denied the opportunity to conduct discovery, is without merit.  ECF No. 63, pp. 15-17.  First, this objection is based on plaintiff's belief that the Court never issued a pretrial order setting a discovery schedule. *Id.*  However, the Court did issue such an order, setting a discovery deadline of September 30, 2010. *Order*, ECF No. 26.  Moreover, in addressing plaintiff's prior objections to the VOA defendants' discovery requests after issuance of that *Order*, the Court explained that "all parties may now proceed to conduct discovery" and advised that any party may move, if necessary, to modify the scheduling order. *Order*, ECF No. 37.  Therefore, the record reflects that the parties had ample opportunity to conduct

discovery and were specifically reminded of that right.[1]  Second, as the Magistrate

Judge found, plaintiff fails to explain why he did not previously seek to discover the

information sought by this motion.  *See Cacevic v. City of Hazel Park*, 226 F.3d 483,

488 (6th Cir. 2000).  Under these circumstances, the Court concludes that the

Magistrate Judge's denial of plaintiff's request for unspecified additional time to conduct

discovery in order to respond to the VOA defendants' motion for summary judgment is

neither clearly erroneous nor contrary to law.

Plaintiff also objects to the Magistrate Judge's finding that he failed to establish

that the VOA defendants were acting under color of state law when they reported

plaintiff's threatening behavior to his parole officer.  Again, plaintiff's objections are

without merit.  As set forth in more detail in the *Order and Report and

Recommendation*, the Magistrate Judge actually assumed that plaintiff's  conclusory

allegations were true and carefully analyzed whether plaintiff met any of the three tests

for determining state action.  *Order and Report and Recommendation*, pp. 8-11.

Nothing in plaintiff's current objections, which generally reiterate assertions previously

offered and considered, persuades the Court that the Magistrate Judge erred in finding

that there was no state action on the part of these defendants.

The *Order and Report and Recommendation* went on to conclude, however, that

– even if plaintiff established state action –  his claim against the VOA defendants

would nevertheless fail because he could not demonstrate that he was deprived of

rights secured by federal law.  Plaintiff objects, again insisting that defendant Rhodes

---

[1]The Court therefore rejects plaintiff's vague contention that the Magistrate Judge "made untrue statement [sic] regarding discovery order."  ECF No. 63, p. 15.

acted with deliberate indifference because she "allowed the plaintiff to be arrested" rather than taking him "to see a psychologist or psychology [sic] to receive the mostly needed medication." ECF No. 63, p. 9. This Court disagrees. As the Magistrate Judge noted, "defendant Rhodes's actions ensured that plaintiff would not be harmed because he was taken into custody. Therefore, far from establishing deliberate indifference, plaintiff's own affidavit [complaining that he was arrested] establishes that defendant Rhodes was not deliberately indifferent to plaintiff's condition." *Order and Report and Recommendation*, p. 14. The fact that plaintiff disagreed with the course of action taken by defendant Rhodes is immaterial to plaintiff's claim against her. Because defendant Rhodes did not violate plaintiff's constitutional rights, the Magistrate Judge properly concluded that plaintiff's failure to train claim against the VOA must likewise fail. *See, e.g., Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001) ("Thus, if the agents of a municipality have violated no constitutional right, the municipality can never be liable under § 1983 for a failure to train."); *Weeks v. Portage County Exec. Offices*, 235 F.3d 275, 279 (6th Cir. 2000) (stating that there can be no liability on the part of a municipal defendant where the individual employee agent did not violate the plaintiff's constitutional rights).

Having carefully reviewed the record, the *Order and Report and Recommendation* and plaintiff's objections,[2] the Court agrees with the conclusions of the United States Magistrate Judge. Plaintiff's objections, ECF No. 63, are **DENIED.** The *Order Report and Recommendation* is **ADOPTED** and **AFFIRMED.** Plaintiff's

---

[2]Based on the discussion *supra*, the Court need not, and does not, address plaintiff's objections based on a qualified immunity defense.

claims against defendants Volunteers of America and Lorene Rhodes are **DISMISSED** in their entirety.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**